UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CARL A. RAY, SR., | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 2:12-CV-79-NAB |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying Carl A. Ray, Sr.'s ("Ray") application for disability insurance benefits under Title II of the Social Security Act. 42 U.S.C. § 401 *et seq.*[1] Ray alleges disability due to chronic obstructive pulmonary disease, depression, anxiety, and lung blockage. (Tr. 230.) The parties consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 16.] For the reasons set forth below, the Commissioner's decision is affirmed.

**I.      Background**

On November 20, 2009, Ray filed applications for disability insurance benefits and the Social Security Administration denied Ray's claims. (Tr. 43-44, 67-72,162-168.) He filed a timely request for a hearing before an administrative law judge ("ALJ"). (Tr. 75-76.) The SSA granted Ray's request and the hearing took place on January 7, 2011. (Tr. 23-42, 79-84.) Ray

---

[1] The Social Security Administration granted Ray supplemental security income ("SSI") benefits under Title XVI of the Social Security Act on September 11, 2009 for the period beginning May 29, 2008. (Tr. 48057.) The award of SSI benefits has no impact on whether Ray is eligible for benefits under Title II.

and vocational expert Marsha Heald testified at the hearing. (Tr. 23-42.) The ALJ issued a written decision on February 15, 2011, affirming the denial of benefits. (Tr. 9-18.) Ray requested review of the ALJ's decision from the Appeals Council and on September 20, 2012, the Appeals Council denied Ray's request for review. (Tr. 1-5.) The decision of the ALJ thus stands as the final decision of the Commissioner. *See Sims v. Apfel,* 530 U.S. 103, 107 (2000). Ray filed this appeal on November 19, 2012. [Doc. 1.] The Commissioner filed an Answer on February 27, 2013. [Doc. 14.] Ray filed a Brief in Support of his Complaint on June 24, 2013. [Doc. 26.] The Commissioner filed a Brief in Support of the Answer on September 20, 2013. [Doc. 32.]

The Court has reviewed the parties' briefs, the ALJ decision, the record including the hearing transcript and medical documentary evidence. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Standard of Review**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or

2

equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the residual functional capacity to perform a significant number of jobs in the national economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *Cruse v. Bowen*, 867 F.2d 1183, 1184-85 (8th Cir. 1989).

It must be noted that because Ray's last date insured is June 30, 2006, Ray has the burden to show that he had a disabling impairment before his insured status expired. *See Barnett v. Shalala*, 996 F.2d 1221 (8th Cir. 1993) (*citing Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984)). "When an individual is no longer insured for Title II disability purposes, [the Court] will only consider his medical condition as of the date she was last insured." *Davidson v. Astrue,* 501 F.3d 987, 989 (8th Cir. 2007) "Evidence from outside the insured period can be used in helping to elucidate a medical condition during the time for which benefits may be rewarded." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

## III.     ALJ's Decision

First, the ALJ found that Ray met the insured status requirements of the Social Security Act through June 30, 2006 and that he did not engage in substantial gainful activity during the period from the alleged onset date of November 9, 2002 through the date last insured. (Tr. 11.) Second, the ALJ determined that through the date last insured, Ray had the severe impairments of COPD, lung blockage, depression, and anxiety. (Tr. 11.) Third, the ALJ found that through the date last insured, Ray did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12.) Fourth, the ALJ found that Ray had the residual functional capacity ("RFC") to perform the full range of medium work, as defined in 20 C.F.R. § 404.1567(c) and was able to perform his past relevant work. (Tr. 13, 17.) Alternatively, the ALJ found that there were also other jobs in the national economy that Ray could perform. (Tr. 17.) Finally, the ALJ found that

Ray was not under a disability as defined in the Social Security Act, from November 9, 2002, the alleged onset date, through June 30, 2006, the date last insured. (Tr. 18.)

IV. **Discussion**

Ray asserts that the ALJ committed several errors. First, Ray contends that the ALJ's decision is not based on substantial evidence, because the ALJ did not find that he had any functional limitations from his severe impairments. Second, Ray states that the ALJ erred in determining his RFC. Third, he contends that the ALJ failed to properly consider third party statements. Finally, he asserts that the ALJ failed to follow *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) in determining his credibility.

A. **Severity of Mental Impairments**

Ray contends that the ALJ committed reversible error by making internally inconsistent findings in determining that he had the severe impairments of anxiety and depression, but then found that he had no limitations in the functional areas of daily living, social functioning, concentration, persistence, and pace, and no episodes of decompensation. The Commissioner contends that the ALJ incorrectly included depression and anxiety in the list of severe impairments, but that it was nothing more than a deficiency in opinion writing.

To be considered severe, an impairment must *significantly* limit a claimant's ability to do basic work activities. *See* 20 C.F.R § 404.1520(c). "Step two [of the five-step] evaluation states that a claimant is not disabled if his impairments are not 'severe.'" *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* at 707. "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page*

*v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007)). "It is the claimant's burden to establish that his impairment or combination of impairments are severe." *Id.* (citing *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir.2000)). "Severity is not an onerous requirement for the claimant to meet, . . . but it is also not a toothless standard." *Id.* at 708.

Upon review of the ALJ's decision, the Court finds that the ALJ's inclusion of "depression" and "anxiety" in the paragraph heading regarding severe impairments was nothing more than a typographical error. The paragraph heading states, "through the date last insured, the claimant had the following severe impairments: COPD, lung blockage, depression and anxiety (20 CFR 404.1520(c))." The body of that paragraph clearly shows that the ALJ found Ray's mental impairments non-severe. The paragraph at issue states:

> The first functional area is activities of daily living. In this area, the claimant had no limitation. The next functional area is social functioning. In this area, the claimant had no limitation. The third functional area is concentration, persistence, or pace. In this area, the claimant had no limitation. The fourth functional area is episodes of decompensation. In this area, the claimant had experienced no episodes of decompensation, which have been of extended duration. Because the claimant's medically determinable mental impairments caused no more than mild limitation in any of the first three functional areas and "no" episodes of decompensation which have, been of extended duration in the fourth area, they were nonsevere.

(Tr. 12.) Therefore, it is readily apparent that the ALJ made a typographical error. A deficiency in opinion writing does not require reversal. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996.) ("An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where the deficiency probably has no practical effect on the outcome of the case").

Ray also states that the ALJ erred in stating that there was no information available regarding his activities of daily living before date last insured. Ray contends that he testified regarding his lack of work activities and daily activities between November 2002 and June 2006. The Court notes that the ALJ included Ray's testimony regarding his depression, crying spells, and lack of work during the relevant time period in the decision. (Tr. 13.) The ALJ also stated that there was insufficient evidence to evaluate the claim due to lack of medical evidence and activities of daily living before the date last insured. (Tr. 14.) A review of the administrative record for the relevant time period shows that the only evidence regarding Ray's daily activities was Ray's testimony about the crying spells and inability to do work because of depression. The ALJ considered this testimony, but did not find it consistent with the treatment notes. (Tr. 15.) Therefore, the Court finds that ALJ did not commit reversible error when evaluating the severity of Ray's mental impairments.

> **B.     Residual Functional Capacity Determination**

Next, Ray contends that the ALJ erred in determining the RFC, because the ALJ did not (1) identify any functional limitations, (2) failed to perform a function-by-function analysis of his work-related abilities, and (3) failed to cite specific evidence in support of the decision's conclusions. The Commissioner contends that the Eighth Circuit has consistently affirmed decisions that utilize identical language.

The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence,

including medical records, observations of treating physicians and the claimant's own descriptions of his or her limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "Although the ALJ bears the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence, a claimant's [RFC] is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ is "required to consider at least some supporting evidence from a [medical] professional." *Lauer*, 245 F.3d at 704. An RFC determination will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

In this case, the ALJ found that Ray had the RFC to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). The regulations define medium work as lifting no more than 50 pounds at a time with frequent lifting and carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c). "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds." SSR 83-10, 1983 WL 31251 at *6 (Aug. 20, 1980). "As in light work, sitting may occur intermittently during the remaining time. Use of the arms and hands is necessary to grasp, hold, and turn objects." *Id.*

Ray contends that the ALJ only expressed the RFC in terms of exertional levels and failed to include any functional limitations. Ray states that the ALJ also failed to assess his work related abilities on a function by function basis. The administrative record shows that Ray worked as a mechanic and/or owner of a repair shop from 1975 to 2008. Ray indicated in his Work History Report and Adult Function Report, that as a mechanic and/or owner, he installed mufflers and brakes, paid bills, ordered parts, changed the oil, performed safety inspections for

vehicles, and scheduled appointments. (Tr. 203, 231.) Ray estimated that he walked and stood 8 to 9 hours per day, sat two hours per day, and he frequently lifted 25 to 50 pounds or more. (Tr. 203, 232.) At the time of his administrative hearing, Ray stated that he could still lift 75 to 80 pounds. (Tr. 37.) The medical evidence during the relevant time period is sparse. While Ray received treatment for COPD and asthma, the treatment records and objective x-ray and spirometry records show only mild or moderate airway obstruction during the time period. His doctors advised him to stop smoking and to use a fan when doing welding work. (Tr. 292-323, 870-900.)

> If the ALJ determines the claimant can perform her past relevant work, the claimant is not disabled. In making this determination, an ALJ has a duty to *fully* investigate and make *explicit* findings as to the physical and mental demands of a claimant's past relevant work and to compare that with what the claimant herself is capable of doing before [the ALJ] determines that she is able to perform her past relevant work.

*Young v. Astrue*, 702 F.3d 489, 491 (8th Cir. 2013). "Relevant information is to be obtained from a detailed description of the work obtained from the claimant, his or her employer, or another informed source." *Lewis* at 13. The Eighth Circuit has upheld an ALJ's decision that a claimant could perform her past relevant work based on the claimant's description of her past duties and the fact that the claimant stopped working due to relocation of her job. *See Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir.2004) (where ALJ relied upon claimant's own description of her past duties in finding that claimant never had to lift more than ten pounds and stood much of the day, substantial evidence supported the ALJ's characterization of her past work as requiring light exertion). The ALJ may also "discharge this duty by referring to the specific job descriptions in

the Dictionary of Occupational Titles ("DOT") that are associated with the claimant's past relevant work." *Young*, 702 F.3d at 491.

In this case, the ALJ found that Ray had no mental limitations. (Tr. 28-29). Therefore, the ALJ was under no obligation to make explicit findings regarding the mental demands of his past work. *Lewis v. Astrue*, No. 4:07-CV- 1032 FRB, 2008 WL 4371492 at 14 (E.D. Mo. Sept. 19, 2008). As to Ray's physical limitations, the ALJ reviewed Ray's medical record, testimony, work history report, disability report, and the vocational expert's testimony and found that comparing the RFC and the physical and mental demands of Ray's past relevant work, he could still perform work as an automotive service advisor, muffler installer, and brake repairer. (Tr. 13-17.) Therefore, by expressly referring to the DOT in his decision and obtaining testimony from the vocational expert regarding these positions, the ALJ adequately discharged her duty. *See Young*, 702 F.3d at 491-492; *see also Battles v. Sullivan*, 902 F.2d 657, 659-660 (8th Cir. 1990) (although past relevant work record was not developed in full detail, it contained enough information on past work to permit a decision as to the individual's ability to return to such past work.) It is also important to note that the ALJ alternatively found that Ray could also perform other occupations that exist in significant numbers in the national economy including as a utility service or loader transportation dispatcher, polisher, and retail storekeeper. (Tr. 18.) Moreover, the ALJ's decision cited to specific evidence supporting the RFC determination and substantial evidence in the record supports the ALJ's conclusion.

**C.      Credibility**

Finally, Ray asserts that the ALJ did not properly consider his wife, Kimmie Ray's, third-party statement (Tr. 218-228) and failed to follow the guidelines of *Polaski* regarding credibility. While the claimant has the burden of proving that the disability results from a medically

determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d at 1322. A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. *Id.* The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. *Id.* The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and
>
> (5) the claimant's functional restrictions.

*Id.* The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id.* The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ need only acknowledge and consider those factors. *Id.* Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. *Polaski at 1322*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's

credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

In this case, the Court finds that the ALJ conducted a proper credibility analysis. In assessing the claimant's credibility, the ALJ considered Ray's allegations and the consistency with the medical record and his failure to follow prescribed treatment. The ALJ could also have considered a lack of treatment from a mental health therapist as a factor weighing against Plaintiff's credibility. Lack of treatment from a mental health professional, and inconsistencies between subjective complaints and the objective medical evidence can be considered when weighing a claimant's credibility. *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005) (ALJ can disbelieve subjective complaints if there are inconsistencies in the evidence as a whole and lack of corroborating evidence is just one of the factors the ALJ considers); *Ramirez v. Barnhart*, 292 F.3d 576, 582 (8th Cir. 2002) (ALJ can consider claimant's failure to take medication and follow prescribed treatment in evaluating credibility); *Gowell v. Apfel*, 242 F.3d 793, 798 (8th Cir. 2001) (lack of evidence of ongoing counseling or psychiatric treatment or of deterioration or change in mental capabilities disfavor a disability finding).

SSR 96-7p requires an ALJ, when determining the credibility of a claimant's statements, to "consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7p, 1996 WL 374186 (July 2, 1996). Though SSR 96-7p mandates that an ALJ consider the testimony of "other persons," it is well established that an ALJ is free to reject such testimony. *See Black v. Apfel*, 143 F.3d 383, 387 (8th Cir. 1998). In this case, the ALJ mentioned the contents of the

statements made by Ray's wife, but did not specifically discredit the statements. (Tr. 13.) This does not require remand as it is evident that the statements made by Mrs. Ray were discredited for the same reasons that Ray's testimony was discredited. *See Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995) (although ALJ failed to list specific reasons for discrediting testimony, it was evident that his was discredited for the same reason's the claimant's testimony was discredited). Therefore, the Court finds that the credibility determination is supported by substantial evidence in the record as a whole.

Accordingly,

**IT IS ORDERED** that the relief sought by Ray in his Complaint and Plaintiff's Brief in Support of Complaint is **DENIED**. [Doc. 1, 6.]

**IT IS ORDERED** that a separate Judgment will be entered in favor of the Commissioner.

Dated this 31st day of March, 2014.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE